UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| KRISTEN ANNE DILL, | Case No. 6:23-cv-00720-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| PEACEHEALTH, a corporation, | |
| Defendant. | |

**KASUBHAI,** United States District Judge:

Plaintiff Kristen Dill ("Plaintiff") filed this action against her former employer PeaceHealth ("Defendant") on May 15, 2023, alleging state and federal law claims of employment discrimination. Before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 16. For the reasons below, Defendant's motion is granted.

### BACKGROUND

Plaintiff worked for Defendant as a Certified Registered Nurse Anesthetist for over two years. Am. Compl. ¶ 5, ECF No. 15. On August 4, 2021, Governor Brown announced a mandate that all health care workers must be fully vaccinated or subject to weekly COVID-19 testing. The Oregon Health Authority ("OHA") subsequently determined that weekly testing would not be sufficiently effective in addressing patient and co-worker safety risks, and the mandate was

Page 1 — OPINION AND ORDER

changed to require that all health care workers be fully vaccinated. In the summer of 2021, Defendant notified its employees that it would be implementing and enforcing a COVID-19 vaccine mandate in accord with the Oregon mandate. *Id.* at ¶ 12. In November 2021, the U.S. Center for Medicare and Medicaid Services imposed a nationwide vaccine mandate for healthcare workers. The U.S. Supreme Court upheld the federal vaccine mandate and affirmed that the vaccine was "necessary to promote and protect patient health and safety." *Biden v. Missouri*, 142 S. Ct. 647, 652 (2022).

Both the state and federal vaccine mandates allowed for exceptions based on religious or disability-related accommodation requests but required that such accommodations not pose a health risk to others, primarily patients and coworkers. On or about August 5, 2021, Plaintiff submitted a religious exemption request to Defendant. Am. Compl. ¶ 12. Defendant approved Plaintiff's exemption request on August 31, 2021 and placed Plaintiff on administrative leave effective September 1, 2021. *Id.* at ¶ 13.

Plaintiff filed this action on May 15, 2023, alleging state and federal law claims of employment discrimination based on religious faith, as well as a hostile work environment claim. On August 24, 2024, the Court dismissed Plaintiff's claims and granted her leave to replead. ECF No. 14. Plaintiff filed a First Amended Complaint on September 23, 2024. ECF No. 15. She repled her religious discrimination claims but did not replead her hostile work environment claim.

## STANDARD

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Los Angeles Lakers, Inc. v. Fed. Ins. Co.*,

869 F.3d 795, 800 (9th Cir. 2017). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Id.* To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Los Angeles Lakers, Inc.*, 869 F.3d at 800. The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## DISCUSSION

Defendant moves to dismiss Plaintiff's claims that Defendant engaged in unlawful employment discrimination based on religion under Or. Rev. Stat. ("ORS") § 659A.030 and Title VII of the Civil Rights Act by failing to properly accommodate her request for a religious exemption to the COVID-19 vaccine mandate. The Court previously dismissed Plaintiff's

Complaint, finding that "Plaintiffs allegations concerning the religious nature of her objection to the vaccine mandate and the conflict between her religious beliefs and the vaccine mandate are conclusory." ECF No. 14. Defendant asks the Court to again find that Plaintiff has not sufficiently alleged that she held religious beliefs that conflicted with her employer's vaccine mandate and to dismiss Plaintiff's First Amended Complaint with prejudice on that basis.

I.     **Adequacy of Pleading**

To make out a prima facie case of religious discrimination based on a failure to accommodate a religious exemption request under Title VII or ORS 659A.030, a claimant must plead sufficient facts to show that (1) she had a bona fide religious belief that conflicted with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer took an adverse employment action because of the claimant's inability to fulfill the job requirement. *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004); *see also Heller v. EBB Auto Co.*, 8 F.3d 1433, 1437 n. 2 (9th Cir.1993) ("Courts construe Oregon's statutory counterpart, Or.Rev.Stat. § 659.030 (1992), as identical to Title VII").

While courts need not "take plaintiffs' conclusory assertions of violations of their religious beliefs at face value," *Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023) (internal citation omitted), assertions "of a sincere religious belief [are] generally accepted." *Keene v. City & Cnty. of San Francisco*, No. 22-16567, 2023 WL 3451687, at *2 (9th Cir. May 15, 2023); *see also Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1176 n.3 (9th Cir. 2021) ("We may not . . . question the legitimacy of [plaintiffs'] religious beliefs regarding COVID-19 vaccinations." (citing *Masterpiece Cakeshop, Ltd. v. Colorado C.R. Comm'n*, 584 U.S. 617, 638 (2018))). Further, "religious beliefs need not be acceptable, logical,

consistent, or comprehensible to others in order to merit" protection. *Thomas v. Rev. Bd. of Indiana Emp. Sec. Div.*, 450 U.S. 707, 714 (1981).

Here, Plaintiff has alleged in pertinent part:

> …I have appealed to God and all his messengers for guidance on the topic of the COVID 19 vaccines. The words and signs have been clear and continue to be: trust your heart. They also tell me something more, coupled with the life experiences I have had up until this point: do not trust what they are telling you simply because they say they know, because they have the authority of science and medical knowledge. I believe in science, I believe in research, I even believe in the intentions of medicine. But the evidence of my life shows me corruption and confusion is present here as well. I believe that God granted me a skeptical and critical mind and one that possesses an intelligence that can see through deception to truth. I feel no divine obligation to acquiesce to receiving a vaccine that is being forced upon me by a fearful population and corrupt medical establishment, especially not one held up as safe when there is evidence that suggests otherwise; not a new technology that has been allegedly proven safe by the standards of the most simple and obvious clinical endpoints identified in research that was designed for speed of obtaining conclusions, with no long term data to support safety. This is a technology that has been available for years to patients sick with cancer but has not withstood the rigors of research required to be administered to healthy individuals. When the technology began to be noticed as recently as 2017, it showed exciting promise but presented concerns for safety, a topic that since that time has been denied and suppressed. When I consent a patient for a procedure, part of informed consent requires a meaningful discussion of risks and benefits; there has been no meaningful discussion of risks regarding this vaccine. I have weighed my personal risks and compared them to potential benefits, and I chose to decline a vaccine that I believe offers more risk than benefit for me. In short, I do not consent. My relationship with God affirms this will. I do not need the approval of a panel of people in a corporate office under the banner of dove to tell me whether or not my relationship with God is valuable enough…

Am. Comp. ¶ 12. Summarizing these beliefs, Plaintiff has essentially alleged that she believes God trusts her to make her own decisions. These allegations do not plead a religious belief in conflict with an employment duty. Instead, she alleges only a belief that God conferred on her the ability to decide whether to take the vaccine, and that she decided not to for various non-religious reasons. There is no alleged connection or conflict between the specific decision at issue here and a particular religious belief related to that decision—other than the ability to make it. If the mere belief in free will as conferred by God were sufficient to allege a religious belief in

Page 5 — OPINION AND ORDER

conflict with an employment duty, virtually all disagreements between a religious employee and their employer would constitute religious discrimination. In other words, the allegedly God-given ability to make decisions says nothing about this particular decision and does not allege a religious conflict sufficient to state a claim for religious discrimination. Thus, Plaintiff has failed to plausibly allege sincere religious beliefs in conflict with an employment duty and Defendant's motion to dismiss is granted.

## II.     Leave to Amend

Plaintiff requests leave to file a Second Amended Complaint. Pl.'s Resp. 14. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the "court should freely give leave [to amend a pleading] when justice so requires." A district court should apply Rule 15's "policy of favoring amendments ... with extreme liberality." *Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) (quotation marks omitted). The purpose of the rule "is 'to facilitate decision on the merits, rather than on the pleadings or technicalities.' " *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoting *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011)). A district court, however, may, within its discretion, deny a motion to amend "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (alteration in original) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)).

Plaintiff's request for leave to amend is denied. First, Plaintiff has already been given an opportunity to amend her complaint to state a claim for religious discrimination and has failed to do so. *See World Wide Rush, LLC v. City of L.A.*, 606 F.3d 676, 690 (9th Cir. 2010) (A "district

court's discretion to deny leave to amend is particularly broad where a Plaintiff previously has amended the complaint.") Second, and relatedly, Plaintiff has already articulated the nature of her beliefs and objection to the vaccine mandate in great detail. This is the same information that she provided to her employer. *See* Am. Compl. ¶ 12. Amendment would therefore be futile because Plaintiff cannot rewrite history.

## CONCLUSION

For the reasons above, Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 16) is GRANTED and Plaintiff's claims are dismissed with prejudice.

DATED this 23rd day of December 2024.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge